## JOHN FLETCHER *v.* CATHERINE HENLEY.

Where, in an action for divorce, an *ex parte* order had been made allowing the wife $75 per month for her support and on a rule to show cause why execution should not issue, the execution was ordered for a less sum than $300, *held :* that an appeal did not lie from such order.

*Ex parte* orders for the allowance of alimony cannot bind the opposite party except they may furnish one of the items of proof to justify a third person in demanding from the husband payment for the necessary supplies furnished the wife during the pendency of the suit.

APPEAL from the District Court of the Parish of Concordia, *Cooley,* J. *E. Sparrow* and *H. B. Shaw,* for plaintiff. *J. H. Veazie* and *A. N. Ogden & Stansbury,* for defendant.

MERRICK, C. J. The present appeal is taken by plaintiff from a decree awarding execution upon an order allowing defendant $75 per month alimony. The plaintiff instituted the present suit for a divorce *a vinculo matrimonii,* and the defendant reconvened, claiming a seperation from bed and board. At the time of filing her answer the defendant obtained an order from the Judge at chambers allowing the alimony claimed.

The plaintiff, in answer to a rule taken upon him, alleges that the *ex parte* order of the Judge is a nullity, and cannot in any manner bind him.

It is true, that the order of the Judge made at chambers in this manner cannot, by itself, prejudice the party against whom it is made, for the reason, that no one can be condemned unheard. In the case of · *Bernard* v. *Vignaud,* 1 N. S. 9, this court said, " To condemn without first hearing a defendant, or

giving him an opportunity to be heard, is contrary to all principles of equity and law. Therefore, a judgment rendered against a person without citing him in the ordinary manner, without his appearing, or anything deemed equivalent to citation or appearance is utterly void, and imports such absolute nullity, that any one the least interested in opposing its effects may have such nullity pronounced." See also 6 L. R., 577, and 9 An, 496.

But in the case before us a rule was taken upon the plaintiff to show cause why exceution should not issue upon the order of the Judge allowing the alimony. On a hearing of the rule, with testimony before him, the Judge ordered execution to issue for the amount of the alimony then due under the order. Here, then, the Judge did not make an *ex parte* decree. But in looking to the former order we find the judge has only awarded execution for three months, viz : $225. This is not within our jurisdiction. Until there is some attempt to execute the *ex parte* order for a further sum it cannot work that irreparable injury which will entitle the party to appeal.

We take occasion to say, that we are aware that the courts in many parishes are in the habit of giving *ex parte* orders for the allowance of alimony, but we do not consider that such orders can bind the opposite party, except they may furnish one of the items of proof to justify the third person, whose house is assigned as a residence for the wife and others, in demanding from the husband payment for the necessary supplies furnished her during the pendency of the suit; and for this purpose, and to assign a place of residence for the wife, such orders may be proper.

It is ordered, that the appeal in this case be dismissed without prejudice to the appeal of either party on the final decree, the appellant paying the costs of this appeal.