No. 89

BENJAMIN WOOD, JOHN DENNET, Subrogated, *v.* C. T. HOWARD *et al.*

1. Where, in the course of any suit, an order is granted taxing the fee of a curator *ad hoc*, held :—

   By Rogers, Judge : The question of appellate jurisdiction is determined by the amount of the decree in favor of the curator :—

   By McGloin, Judge : Such order is but an incident of the main suit, and as such reviewable only by the Court having appellate jurisdiction over such main controversy.

2. Where this Court is not agreed on the question of jurisdiction, the appeal will stand.

3. Any judicial determination arrived at without notice and an opportunity to parties opposed in interest of being heard, is null and void.

4. In the absence of general consent, courts cannot receive unsworn statements, in lieu of formal proof; and a decree based upon such unsworn statements, will be set aside.

*Appeal from the Sixth District Court, Parish of Orleans.*
*Rightor, Judge.*

*Bayne & Renshaw* for plaintiff, appellant.

*A. A. Grandpré* and *F. Michinard* for *curator ad hoc.*

ON QUESTION OF JURISDICTION.

McGLOIN, J.—The principal controversy in this case, involves an amount far exceeding one thousand dollars. A. A. Grandpré, Esq., was appointed curator *ad hoc*, to represent some of the defendants who were absentees ; filed his answer and the case upon its merits, is still pending. On November 19, 1880, the curator presented a motion, " suggesting to the Court that the case has been compromised between the parties," and obtained an order fixing his fee at $600, and taxing it as costs. This motion was entirely *ex parte*, and supported by no evidence whatever.

I do not think that we have the right to review this proceeding. It is not an independant litigation, but an incident, to the one between plaintiff and defendant. The judge *a quo*

takes cognizance of such issues, without separate petition and citation, and determines the same, by reason of the pendency of the original suit. The jurisdiction of district courts of this parish does not extend below one hundred dollars, yet, it would not be contended that, had the curator demanded less than that sum, the Court could not have granted him relief.

Fees of curators are similar, as to their relation to the principal cause, to those of commissioners taking depositions, or of experts, auditors and arbitrators, etc., or even costs of sheriffs and clerks. These, the judge disposing of the case, in connection with which the services are rendered, although the aggregate be far less than one hundred dollars, is required by C. P. 462, 552, and other provisions of our law, to fix or tax, which can only be justified upon the principle, that the question of jurisdiction is determined by the amount involved in the main cause, to which, such orders are but incidents. 10 Martin, La. 115; 11 Martin, La. 577; 4 Robinson, La. 87. In this latter case, State ex rel. v. Judge, 4 Rob. La. 87, the Court expressly declares that the fee of a curator, is in the nature of costs in the case.

Our Supreme Court has time and again, reviewed either on appeal or by the remedial writs known to the old constitution, the action of inferior judges, in the disposition of these questions, in cases where the amount claimed as due the officer of the Court was less than five hundred dollars, and some of these cases, as in 30 La. An. 1026, State ex rel. v. Judge Sixth District Court, were, where the officer was a curator ad hoc.

Indeed, in the authority reported in 4 Rob. La. 85, the Court expressly declares that the question of appeal, so far as an order fixing the fee of a curator is concerned, would have been determined by the amount of the claim, upon which executory process had issued, but for the fact, that the curator had waited until that matter was completely closed, and was at an end as a suit, and his proceeding should be considered as independent in its nature. The case was not referred to us by any

order of the Supreme Court, but the record was brought into this Court and filed by appellant, under the impression, that the case fell under our jurisdiction by operation of law. I believe that we are without such jurisdiction, and that the case is improperly upon our docket.

ROGERS, J.—The only question before us is the validity of judgment ordering the payment of the fee to the curator *ad hoc*—while it is an incident of the main suit—it is in fact distinct from any of the conditions upon which the plaintiff in the main action may recover, or the defendant succeed in his defence. Unless this Court can review an order which may become executory by the lapse of time before the original controversy could be even heard, a party aggrieved by a judgment would be without remedy. I think this Court has jurisdiction

### ON THE MERITS.

McGLOIN, J. The suit, bearing the title and number above given, was to have plaintiff declared entitled to a certain interest in the franchises and property of the Louisiana Lottery Company, for partition and account. A. A. Grandpré, Esq., attorney-at-law, was appointed by the Court curator *ad hoc* to represent non-resident defendants.

On November 19, 1878, said curator presented to the Court *a qua* a motion, suggesting that the case had been compromised between the parties, to tax a fee, in his behalf, as curator On said motion, and without notice to parties interested, or evidence of any kind, the Court did order a fee of six hundred dollars to be so taxed. Plaintiff appealed to the Honorable Supreme Court, and has transferred the record to this. The organ of this Court in the rendition of its decree in this case, for reasons, which he has filed and placed on record, is individually of the opinion, that it is without jurisdiction in the matter, *ratione materiæ ;* but, as the Court is not agreed upon this question, the case cannot be stricken from its docket. Proceeding, therefore, to determine the controversy, we are of

-opinion, that the judgment or order appealed from is clearly erroneous.

It is a fundamental principle, that parties are not to be con-demned without due notice, and proper opportunity of being heard in their defence Courts can administer justice, only by receiving the proof of both sides, and hearing what each has to present. Any judicial determination, arrived at, in viola-tion of these rules, is absolutely null and void, as in con-travention of the organic law. These principles have been applied by our courts. State of Louisiana *ex rel.* vs. Judge, .30 La. Ann. 1026; Fletcher vs. Henly, 13 La. Ann. 150.

The order in question should be rescinded for another rea-son. It is recited, that this decree was granted *upon a sugges-tion* that the case was compromised, which was a fact forming no part of the record history of the case. Courts of justice are not authorized, except by consent of parties, to recieve such suggestions, or unsworn statements, in lieu of the regular and formal proof known to the law. If the fact of this alleged -compromise was material, it should have been brought to the notice of the Court, in a formal manner, by proper evidence.

Order rescinded and motion denied, with costs of both courts, against mover.